UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

GREGORY A. STEVENSON, as a
shareholder of CREDIT SUISSE GROUP AG
on behalf of CREDIT SUISSE GROUP AG
shareholders,

          Plaintiff,

vs.

RICHARD E. THORNBURGH, et al.,

          Defendants.

---------------------------------------------------------------x

23 Civ. 4458 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/24

NICOLE LAWTONE-BOWLES, as a
shareholder of CREDIT SUISSE GROUP AG
on behalf of CREDIT SUISSE GROUP AG
shareholders,

          Plaintiff,

vs.

RICHARD E. THORNBURGH, et al.,

          Defendants.

---------------------------------------------------------------x

23 Civ. 4813 (CM)

**ORDER**

McMahon, J.:

    1.    On May 30, 2023 and June 7, 2023, Plaintiffs Gregory A. Stevenson and Nicole Lawtone-Bowles ("Plaintiffs") brought separate lawsuits against three groups of defendants (together, the "Defendants"): four of Credit Suisse's New-York based subsidiaries (the "Credit

1

Suisse U.S. Entity Defendants"); 29 present and former Credit Suisse Officers and Directors (the "Credit Suisse Individual Defendants" and collectively with the Credit Suisse U.S. Entity Defendants, the "Credit Suisse Defendants"); and Credit Suisse's purported auditor, KPMG LLP, as well as 11 KPMG LLP partners, employees, and related individuals (the "KPMG Individual Defendants" and together with KPMG LLP, the "KPMG Defendants"). The two actions were consolidated and an amended class action complaint, alleging three causes of action, was filed on July 14, 2023. Dkt. No. 33; Dkt. No. 60. Count 1 of the Complaint was asserted against all of the Defendants and alleged breaches of statutory duties owed by the Defendants to Credit Suisse's shareholders under Swiss law. Counts 2 and 3 of the Complaint alleged a substantive RICO claim and a RICO conspiracy claim against the Credit Suisse Defendants, KPMG LLP, and a subset of the KPMG Individual Defendants.

2. On February 14, 2024, the Court granted motions made by all Defendants who had been served with process in this case to dismiss the amended class action complaint. Dkt. No. 130. While the Court dismissed Plaintiffs' RICO claims for failure to state a claim and with prejudice, the Court dismissed Plaintiffs' Swiss Law Claim on *forum non conveniens* grounds, subject to Defendants' consents to certain conditions.

3. On March 5, 2024, all of the served Defendants filed letters (Dkt. Nos. 132–38) agreeing to the following conditions of dismissal, which were set forth in the Court's February 14, 2024 order:

    a. In the event that one or both of the plaintiffs in the *Stevenson* and *Lawtone-Bowles* actions commence litigation in Switzerland on the Swiss Law Claim directly (as opposed to derivatively) against some or all of the Defendants, the Defendants named in that litigation will not object to the exercise of

jurisdiction over them in connection with the Swiss Law Claim by a Swiss court that is competent in accordance with Swiss law to hear the Swiss Law Claim.

b. In the event that one or both of the plaintiffs in the *Stevenson* and *Lawtone-Bowles* actions commence litigation in Switzerland on the Swiss Law Claim directly (as opposed to derivatively) against some or all of the Defendants, the Defendants named in that litigation will not assert any statute-of-limitations defense under Swiss law with respect to the Swiss Law Claim that they would not have been able to assert had the Swiss Law Claim been filed in a competent Swiss court between May 30, 2023 and the date of entry of final judgment in the above captioned actions.

c. For the avoidance of doubt, the consents are limited to the assertions of the First Cause of Action in the Complaint and no other claim; the Defendants have expressly reserved their rights to oppose the exercise of jurisdiction or authority over them by a Swiss court in connection with any action or claim of any kind except a direct (as opposed to derivative) assertion of the Swiss Law Claim by one or both of the plaintiffs in the *Stevenson* and *Lawtone-Bowles* actions; the Defendants have reserved their rights to assert any other statute-of-limitations or similar defense or defenses that may be available; and the limited consents shall not be "interpreted as a concession that the First Cause of Action actually states a claim for relief under Swiss law." As such, other than as set forth in their limited consents, the Defendants have expressly reserved their rights to oppose the Swiss Law Claim on any grounds.

4.      Three named Defendants – Romeo Cerutti, Urs Rohner, and Albert Sohn – have never been served with process in this action and have not appeared (the "Unserved Defendants"). Since they were never served with process in this case, none of these three Defendants has appeared or made any motion in this action, and none of them has entered a consent to jurisdiction. However, in the decision and order of February 14, 2024, the Court directed that the claims asserted in the complaint be dismissed as against them, on the same ground asserted by the other defendants, which were equally applicable to Cerutti, Rohner and Sohn.

5.      Per the record in this case, Defendants Cerutti and Rohner reside in Switzerland (Belzer Decl. ¶ 8), and so are subject to the jurisdiction of the courts of Switzerland. Therefore, the fact that they have not signed consents to jurisdiction in Switzerland does not prevent the Court from entering a *forum non conveniens* dismissal of Count 1 as to them. As Counts 2 and 3 do not allege a claim upon which relief might be granted against any defendants, served or unserved, Counts 2 and 3 will be dismissed as against Defendants Cerutti and Rohner with prejudice.

6.      It is the Court's understanding that Defendant Sohn at relevant times resided in New York. Compl. ¶ 113. Plaintiffs have offered no explanation for why Defendant Sohn has not been served; neither have they made any request for an extension of the 120-day period for service of process on domestic defendants imposed by Fed. R. Civ. P. 4(m) – a period that has long since expired. Unless Plaintiffs file proof of service with the Court by March 28, 2024, Count 1 of this action will be dismissed without prejudice as against Defendant Sohn pursuant to Rule 4(m). For the reasons stated above, Counts 2 and 3 will be dismissed as against Defendant Sohn with prejudice.

7. For avoidance of doubt, the Court makes clear that the *forum non conveniens* dismissal of Count 1 ordered on February 14, 2024, did not and does not depend on the filing of a consent by any defendant who had not appeared in this action as of that date.

Accordingly, IT IS HEREBY ORDERED that:

1. Counts 2 and 3, which allege RICO violations, are dismissed as against all Defendants named in the Complaint, with prejudice; and

2. Count 1, which alleges a claim arising under Swiss law, is dismissed as against all served Defendants and as against unserved Defendants Cerutti and Rohner, without prejudice for refiling in Switzerland.

3. Plaintiffs have until March 28, 2024 to file proof of service on Defendant Sohn.

IT IS SO ORDERED.

Dated: March 20, 2024

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

5