**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11 6 2024

---

ALI DIABAT, Individually and On Behalf of All Others
Similarly Situated,

Plaintiff,

- *against* -

CREDIT SUISSE GROUP AG, AXEL P. LEHMANN,
ULRICH KÖRNER, DIXIT JOSHI, THOMAS
GOTTSTEIN, DAVID R. MATHERS, ANTÓNIO
HORTA-OSÓRIO, and
PRICEWATERHOUSECOOPERS AG,

Defendants.

---

Case No. 1:23-cv-5874-CM-SLC

[rel. 1:23-cv-04458-CM]

---

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiff Ali Diabat

("Plaintiff") and Defendants Credit Suisse Group AG, Axel P. Lehmann, Ulrich Körner, and Dixit

Joshi (collectively, "Defendants," and, with Plaintiff, each a "Party"), by and through their

undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(c):

1.    The Parties anticipate that discovery in this action is likely to involve the production

of confidential, proprietary, and private information for which special protection from public

disclosure and from use for any purpose other than in connection with this action may be

warranted. As such, any Party or non-party that produces documents or other information in this

action (each a "Producing Party") may designate as "Confidential" any "Discovery Material" (*i.e.*,

information of any kind provided in discovery in this action) subject to the terms of this Stipulation

and [Proposed] Order (the "Stipulation and Order"). Any Party that receives Confidential

Discovery Material from any Producing Party in this action (each a "Receiving Party") shall not

disclose such Confidential Discovery Material to anyone else except as expressly permitted

hereunder.

1

2.    A Producing Party may designate as Confidential any Discovery Material that
contains:

a.    previously nondisclosed financial information (including without
limitation profitability reports or estimates, percentage fees, design fees,
royalty rates, minimum guarantee payments, sales reports, and sale
margins);

b.    previously nondisclosed material relating to ownership or control of any
non-public company;

c.    previously nondisclosed business plans, product development information,
or marketing plans;

d.    any information that contains, reflects, or would reveal a "trade secret or
other confidential research, development, or commercial information,"
(*see* Fed. R. Civ. P. 26(c)(1)(G));

e.    previously nondisclosed information the public disclosure of which would
reveal confidential customer or client information or would otherwise
reveal information any party is obligated to keep confidential pursuant to
the laws or regulations of any country, to one or more contracts, or
otherwise;

f.    any information for which applicable laws, regulations, orders, or
agreements—whether in the United States or any other jurisdiction—
requires the equivalent of "Confidential" treatment as set forth herein;

g.    any information of a personal or intimate nature regarding any individual;
or

2

    h.    any other category of information hereinafter given confidential status by the Court.

3.    Confidential Discovery Material shall be designated as follows:

    a.    For information in documentary form (e.g., paper or electronic documents), the Producing Party shall affix the legend "CONFIDENTIAL" or a similar label to each document that it asserts contains Confidential Discovery Material. Where a document does not easily allow for stamping or marking such a legend on the document itself (for example, electronic documents produced only in native form), a Producing Party may identify the document(s) as Confidential in some other reasonable manner, such as identifying the document as Confidential in the metadata of the document, if applicable, or by clearly designating the document as Confidential in a separate writing to all other Parties.

    b.    For deposition or other recorded testimony, a Party may designate all or portions of the record of such testimony as Confidential by either (i) indicating on the record at the time that the testimony is given that the testimony, or portions thereof, is Confidential or (ii) providing written notice to all Parties within thirty (30) days of receipt of the final transcript of the testimony that the testimony, or portions thereof, is Confidential. During such 30-day window, all depositions shall be treated as Confidential in their entirety, unless the Parties agree otherwise.

3

c.     For any other information or tangible items, the Producing Party shall either label the information or item as Confidential or inform all Parties in a separate writing that the information or item is Confidential.

4.     A Receiving Party may designate as Confidential any Discovery Material not so designated by the Producing Party, if the Receiving Party reasonably believes in good faith that such Discovery Material contains information falling within the categories set forth in Paragraph 2, above.  The Receiving Party may make such a designation by notifying all Parties in writing of the designation, with sufficient specificity to allow all other Parties to determine which specific Discovery Material the Receiving Party wishes to designate as Confidential.

5.     If at any time prior to the trial of this action, a Producing or Receiving Party realizes that some portion(s) of Discovery Material that were previously produced were not, but should be, designated as Confidential, that Party may so designate by so apprising all Parties in writing, and such Discovery Material will thereafter be treated as Confidential under the terms of this Stipulation and Order.  If, prior to such designation, a Receiving Party has disclosed such Discovery Material to anyone other than those set forth in Paragraph 6, below, that Party shall take reasonable efforts to promptly retrieve such Discovery Material and to ensure that the recipients, to the extent not falling into the categories set forth in Paragraph 6, below, no longer have access to such Discovery Material.

6.     No person subject to this Stipulation and Order other than the Producing Party shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

a.     the Parties and their counsel (including any paralegal, clerical staff, or other assistant employed by such counsel and assigned to this matter);

4

b.    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

c.    witnesses providing testimony during their depositions in this action;

d.    any individual whom counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e.    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice or services to counsel in connection with this action (including but not limited to professional jury or trial consultants, mock jurors, and persons or entities providing litigation support services—such as photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, hosting, organizing, storing, or retrieving data in any form or medium—and their employees and subcontractors), provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f.    any mediator or other dispute-resolution personnel retained by the Parties to assist with any dispute-resolution procedures in connection with this action, or any employee thereof;

g.    insurers, reinsurers, insurance adjusters, and/or third party administrators of insurance policies that do or may provide insurance coverage applicable to this action, and/or any insurance brokers retained to liaise with any such insurers or related entities;

5

h.     stenographers engaged to transcribe depositions conducted in this action and videographers engaged to record depositions conducted in this action;

i.     any other individuals or categories of individuals that the parties agree, in writing, may be provided Confidential Discovery Material subject to this Stipulation and Order; and

j.     the Court and its support personnel.

7.     Nothing herein shall be construed as preventing any Party from seeking agreement with the other Parties—or, if necessary, a Court order—that the disclosure of certain Confidential Discovery Material be limited to only a subset of the individuals referred to in paragraph 6 above, or be produced with other safeguards (for example, "Attorney-Eyes Only" designation or similar), if required by applicable laws or regulations or if the Party reasonably and in good faith believes such additional safeguards are otherwise necessary.

8.     Confidential Discovery Material, and any information derived therefrom, shall be utilized by the Receiving Party, its counsel, and any other recipients of such Confidential Discovery Material only for purposes of this litigation and for no other purposes whatsoever.

9.     All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The Party with an interest in confidential treatment bears the burden of persuasion. The Parties will use their best efforts to minimize such sealing. In any event, any Party or non-party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

10.     Any Party who objects to any Confidentiality designation may at any time prior to the trial of this action serve upon counsel for the applicable Producing Party a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, counsel for all affected persons shall treat the dispute as a discovery dispute and follow the procedures for such disputes set forth in the Court's Individual Practices and Procedures and any such practices and procedures issued by any Magistrate Judge assigned to this action. Until such time, if any, as the Court or any Magistrate Judge rules that the Discovery Material designated as Confidential is not subject to the protections of this Stipulation and Order, such Material shall continue to be treated as Confidential Discovery Material hereunder.

11.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such Discovery Material.

12.     If, in connection with this litigation, a Party or non-party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege or immunity ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product or other protection with respect to the Inadvertently Disclosed Information and its subject matter.

13.     If a Producing Party makes a claim of inadvertent disclosure, all Receiving Parties shall not thereafter review, use, or further disclose the Inadvertently Disclosed Information for any purpose, except for the purpose of challenging the claim of privilege or work product or other protection as set forth in paragraph 14 below or by order of the Court. Any discussion or disclosure of the Inadvertently Disclosed Materials in such challenges must be filed under seal

7

pursuant to the terms of this Order. Each Receiving Party shall, within five business days, return, sequester, if challenging the claim of privilege or work product or other protection as set forth in paragraph 14 below, or destroy all copies of the Inadvertently Disclosed Information, and confirm in writing to the applicable Producing Party that all such information has been returned, sequestered, or destroyed. In advance of each scheduled deposition, a Producing Party will use all reasonable efforts to provide adequate notice of Inadvertently Disclosed Information that may be relevant to that deposition.

14.    Within ten business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information. As with any information redacted or withheld, a Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. Any such motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production or that such inadvertent production constituted a waiver of any applicable privilege or protection.

15.    The disclosing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Stipulation and Order shall limit the right of any Party to request an *in camera* review of the Inadvertently Disclosed Information.

16.    If a Party is served with a subpoena or court order in connection with any other litigation or legal proceeding that compels disclosure of any Confidential Discovery Material produced in this action, the Party that is served with the subpoena or court order shall:

a. promptly notify in writing the Party or non-party that produced the Confidential Discovery Material at issue (the "Affected Party") of the subpoena or court order;

b. promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation or proceeding that some or all of the material covered by the subpoena or order is subject to this Stipulation and Order; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the Affected Party.

If the Affected Party timely seeks a protective order in the other litigation or proceeding, the Party served with the subpoena or court order shall not produce any such Confidential Discovery Material before a determination by the court or other legal body from which the subpoena or order issued, unless the Affected Party agrees otherwise. The Affected Party shall bear the burden and expense of seeking protection in that court or other legal body of the Confidential Discovery Material. Nothing in this paragraph shall be construed as authorizing or encouraging any person or entity to disobey a lawful directive from another court or legal body.

17. This Stipulation and Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action, all Confidential Discovery Material, and all copies thereof, shall be destroyed. For the avoidance of doubt, counsel of record in this action shall be permitted to keep copies of filings and work product that incorporate any Confidential Discovery Material, so long as counsel continues to treat such Confidential Discovery Material in accordance with this Stipulation and Order. For the avoidance of doubt, nothing herein requires any Producing Party to destroy any Confidential Discovery Material that it produced in this action.

9

18.     This Court shall retain jurisdiction over all persons subject to this Stipulation and Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

19.     In the event any Party shall violate or threaten to violate the terms of this Stipulation and Order, the aggrieved Party may immediately apply to obtain injunctive relief against any such Party violating or threatening to violate any of the terms of the Stipulation and Order in this Court, and in the event that the aggrieved Party does so, the responding Party, subject to the provisions of the Stipulation and Order, shall not employ as a defense thereto the claim that the aggrieved Party possesses an adequate remedy at law.  Any action to enforce this Stipulation and Order, whether to obtain the injunctive relief provide by this Paragraph or otherwise, shall be brought in this Court.  Injunctive relief shall not be deemed to be the exclusive remedy for any breach of this Stipulation and Order but shall be in addition to any other remedies to which the aggrieved Party may be entitled at law or in equity.

20.     This Stipulation and Order shall not affect the scope of discovery by any Party that is not otherwise proper under the Federal Rules of Civil Procedure.

21.     The Parties may modify the provisions of this Stipulation and Order at any time, by written stipulation and Court order, except the Parties may extend any of the time limits contained herein by written agreement.

22.     Agreeing to this Stipulation and Order, producing Discovery Material pursuant to this Stipulation and Order, and/or otherwise complying with the terms of this Stipulation and Order shall not:

10

a.  operate as an admission by any Party or Producing Party that any particular Confidential Discovery Material contains or reflects or does not contain or reflect trade secrets or any other type of confidential information;

b.  prejudice in any way the rights of any Party or Producing Party to object to the production of documents or testimony it considers not subject to discovery;

c.  prejudice in any way the rights of any Party or Producing Party to object to the relevance, authenticity, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

d.  prejudice in any way the rights of any Party or Producing Party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Stipulation and Order;

e.  prejudice in any way the rights of any Party or Producing Party to petition the Court for a further protective order relating to any purported Confidential Discovery Material;

f.  prejudice in any way the rights of any Party or Producing Party to move the Court to broaden or restrict the right of access to and use of particular Discovery Material;

g.  prevent the Parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

11

h.    be construed as an agreement by any person or entity to produce or supply

any document or testimony, or as a waiver by any person or entity of its

right to object to the production of any document or testimony, or as a

waiver of any claim of privilege or protection with respect to the

production of any document or testimony.

23.    In agreeing to this Stipulation and Order, the Parties expressly incorporate the

Addendum set forth in Section VI of the Court's Individual Rules and Practices, which states:

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE
PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not
make the Court a party to the stipulation or imply that the Court agrees that
documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are
abused by parties and that much material that is not truly confidential is designated
as such. The Court does not intend to be a party to such practices. The Court
operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them.
If the Court issues a decision in this case that refers to "confidential" material under
this stipulation, the decision will not be published for ten days. The parties must,
within that ten-day period, identify to the Court any portion of the decision that one
or more of them believe should be redacted, provide the Court with the purportedly
confidential material, and explain why that material is truly confidential. The Court
will then determine whether the material is in fact genuinely deserving of
confidential treatment. The Court will only redact portions of a publicly available
decision if it concludes that the material discussed is in fact deserving of such
treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed
confidentiality stipulation, subject to the addendum. If this addendum is not
acceptable, the Court will not sign the stipulation, and should allegedly confidential
material be produced, the parties will be referred to the magistrate judge for a
document by document review and decision on whether that document should be
subject to confidential treatment.

For the avoidance of doubt, the Parties agree that the above addendum is acceptable to all Parties.

**KAHN SWICK & FOTI, LLC**

/s/ *Kim E. Miller*

Kim E. Miller (KM-6996)
J. Ryan Lopatka (admitted *pro hac vice*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3732
Facsimile: (504) 455-1498
Email: kim.miller@ksfcounsel.com
Email: j.lopatka@ksfcounsel.com

-and-

Craig J. Geraci, Jr. (admitted *pro hac vice*)
Matthew P. Woodard (admitted *pro hac vice*)

1100 Poydras Street, Suite 960
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
Email: craig.geraci@ksfcounsel.com
Email: matthew.woodard@ksfcounsel.com

*Counsel for Lead Plaintiff Ali Diabat and Lead Counsel for the Class*

**HECKER FINK LLP**

/s/ *Sean Hecker*
Sean Hecker
Kate L. Doniger
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883
shecker@heckerfink.com
kdoniger@heckerfink.com

*Attorneys for Defendant Dixit Joshi*

**CAHILL GORDON & REINDEL LLP**

By: /s/ *Herbert S. Washer*
Herbert S. Washer
Jason M. Hall
Tammy L. Roy
Nicholas N. Matuschak
32 Old Slip
New York, New York 10005
(212) 701-3000
hwasher@cahill.com
jhall@cahill.com
troy@cahill.com
nmatuschak@cahill.com

*Attorneys for Defendant Credit Suisse Group AG*

**GOODWIN PROCTER LLP**

By: /s/ *Richard M. Strassberg*
Richard M. Strassberg
Daniel P. Roeser
Jessica Vogele
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800
rstrassberg@goodwinlaw.com
droeser@goodwinlaw.com
jvogele@goodwinlaw.com

*Attorneys for Defendant Axel P. Lehmann*

**MILBANK LLP**

/s/ *George S. Canellos*
George S. Canellos
55 Hudson Yards
New York, New York 10001-2163
Telephone: 212-530-5000
gcanellos@milbank.com

*Attorney for Ulrich Körner*

**SO ORDERED.**

Dated: ___4 November___, 2024

HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

PS: I do not believe that much of
anything in this case is likely
to be deemed "confidential" in the
final analysis — this is a securities
fraud case, not a trade secrets case —
so do not be too liberal in your
designation of "confidential" material,

14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALI DIABAT, Individually and On Behalf of All Others
Similarly Situated,

                               Plaintiff,

              *- against -*

CREDIT SUISSE GROUP AG, AXEL P. LEHMANN,
ULRICH KÖRNER, DIXIT JOSHI, THOMAS
GOTTSTEIN, DAVID R. MATHERS, ANTÓNIO
HORTA-OSÓRIO, and
PRICEWATERHOUSECOOPERS AG,

                         Defendants.

---

Case No. 1:23-cv-5874-CM-SLC

[rel. 1:23-cv-04458-CM]

---

I, _____, acknowledge that I have read and understand the

Stipulation and Order in this action governing the non-disclosure of Confidential Discovery Material.

I agree that (i) I will not disclose such Confidential Discovery Material to anyone other than, if

applicable, the individuals set forth in Paragraph 6 of the Stipulation and Order; (ii) I will not use or

disclose such Confidential Discovery Material for any purposes other than in connection with this

litigation; (iii) at the conclusion of the litigation I will return all discovery information to the party or

attorney from whom I received it, or confirm to that party or attorney that such information has been

destroyed; and (iv) I will abide by all other terms of the Stipulation and Order, to the extent applicable

to me. By acknowledging these obligations under the Stipulation and Order, I understand that I am

submitting myself to the jurisdiction of the United States District Court for the Southern District of

New York for the purpose of any issue or dispute arising hereunder and that my willful violation of

any term of the Stipulation and Order could subject me to punishment for contempt of Court.


Dated: _____    _____

Attestation Pursuant to Electronic Case Filing Rule 8.5

I, Kim E. Miller, attest that concurrence in the filing of this document has been obtained from all other signatories.

/s/ *Kim E. Miller*
Kim E. Miller